UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. KIRKHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KING COUNTY, *et al.*, ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO.   C06-188-RSM-MJB <br><br> REPORT & RECOMMENDATION <br> ON DEFENDANTS'S MOTION FOR <br> SUMMARY JUDGMENT |

## INTRODUCTION

Plaintiff is currently incarcerated in the Washington State Reformatory, serving a 74-month sentence for second-degree assault, third-degree rape, malicious mischief and other charges. (Dkt. #26, Attachment #1). Before he was convicted, plaintiff was detained in the Regional Justice Center ("RJC") in Kent, Washington. Plaintiff has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was a pretrial detainee at the RJC. Defendants have filed a motion for summary judgment, to which plaintiff has not filed a response. For the reasons set forth below, the Court recommends that defendants' motion be granted and the complaint and this action be dismissed with prejudice.

## BACKGROUND

The declarations and exhibits submitted by defendants in support of their motion for summary judgment establish the following facts, which are uncontroverted by plaintiff:

REPORT & RECOMMENDATION
PAGE - 1

On March 6, 2005, plaintiff was booked into the RJC, where he was held until April 18, 2006. (Dkt. #26 at 2). During that time, his use of the mail and telephone was restricted under orders by the King County Superior Court ("state court"), which found that plaintiff had violated a no-contact order prohibiting him from contacting the alleged victims of his crimes. (Dkt. #27, Ex. B). The original Order stated that "Defendant shall be completely blocked from all phone usage and all mail privileges. He shall not be allowed to use the phone except to contact his attorney." (*Id.*) Plaintiff succeeded in regaining limited privileges during his pretrial detention as the state court permitted him to communicate with relatives and to send mail to various news, political, and religious organizations. (Dkt. #26, Attachments #4 and #5).

On February 7, 2006, plaintiff submitted the instant complaint pursuant to 42 U.S.C. §1983, alleging, *inter alia*, that the RJC's telephone and mail restrictions violated his constitutional rights. (Dkt. #1). The Court initially declined to serve the complaint and instead issued a Report & Recommendation ("R&R") recommending that the complaint be dismissed because at the time the complaint was filed, plaintiff's criminal proceedings in state court had not concluded. (Dkt. #5 at 2, *citing Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). The Court also recommended dismissal because it appeared that plaintiff's complaint challenged actions that had led to his conviction and was therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (*Id.*)

After the Court issued its R&R, plaintiff was sentenced by the state court, thereby concluding his criminal proceedings. Thus, the *Younger* abstention doctrine no longer precluded federal court jurisdiction over the instant complaint. In addition, plaintiff asserted in his objections to the R&R that the allegations in his complaint did not relate to any criminal prosecutions that he had faced, and therefore, *Heck* did not bar the court's consideration of his complaint. (Dkt. #7 at 3). After concluding that the bases of the Court's recommendation were no longer valid, the District Court remanded this matter to the undersigned United States Magistrate Judge for further proceedings. (Dkt. #9).

REPORT & RECOMMENDATION
PAGE - 2

1    After reviewing plaintiff's complaint, the Court identified various deficiencies and granted
2 plaintiff leave to file an amended complaint. (Dkt. #10). Plaintiff requested an extension of time to
3 file the amended complaint and the Court granted the extension. (Dkt. #12). On August 28, 2006,
4 plaintiff filed his amended complaint. (Dkt. #14). In his amended complaint, plaintiff narrowed his
5 claims to a single claim asserting that the recording of his phone calls by RJC staff violated his
6 "liberty interest" as created by regulation 289-24-200(4) of the Washington Administrative Code.
7 (*Id*. at 7). Upon reviewing plaintiff's amended complaint, the Court dismissed several defendants
8 and directed the Clerk to serve the complaint on the remaining defendants. (Dkt. #15).

9    On November 15, 2006, defendants filed their answer. (Dkt. #24). On November 20, 2006,
10 the Court issued an Order setting forth deadlines for discovery and dispositive motions. (Dkt. #25).
11 In the November 20 Order, the Court advised plaintiff that if defendants filed a summary judgment
12 motion, then he must submit evidence to oppose the motion. (Dkt. #25 at 3, *citing Rand v. Rowland*,
13 154 F.3d 952, 962-963 (9th Cir. 1998)). Otherwise, the Court warned, plaintiff's case could be
14 dismissed. (*Id.*) Defendants filed a motion for summary judgment on February 26, 2007. (Dkt.
15 #26). Pursuant to the Local Rules, the motion was noted for March 23, 2007; plaintiff's response
16 was due March 19, 2007. *See* Local Rule CR 7(d)(3). Plaintiff has not filed a response and the
17 motion for summary judgment is ready for review.

18                                    DISCUSSION

19    Summary judgment is proper only where "the pleadings, depositions, answers to
20 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
21 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
22 law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court
23 must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny &*
24 *Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving
25 party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See*
26

REPORT & RECOMMENDATION
PAGE - 3

1   *Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material

2   fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg.*

3   *Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

4         As previously mentioned, plaintiff's sole claim is that defendants recorded his phone calls

5   while he was at the RJC, in violation of regulation 289-24-200(4) of the Washington Administrative

6   Code ("the regulation").  Defendants argue that this claim lacks merit because (1) the regulation has

7   been repealed and no longer applies to the RJC; (2) plaintiff has failed to establish that the regulation

8   created a liberty interest protected by the Due Process Clause of the Constitution; and (3) the phone

9   recording was used to convict plaintiff of several criminal charges and therefore *Heck* applies.  (Dkt.

10   #26 at 13-15).

11         Although the first and third arguments appear sound, the Court need not address them because

12   the second argument provides a sufficient basis upon which to recommend dismissal of the

13   complaint.[1]  Although he does not provide a copy of the regulation nor quote its exact text, plaintiff

14   contends that by prohibiting the recording of telephone calls in prisons, the regulation created a

15   liberty interest protected by the due process clause of the Fourteenth Amendment.  (Dkt. #14 at 7).

16   Plaintiff cites *Carlo v. City of Chino*, 105 F.3d 493 (9th Cir. 1997), as the sole support for this

17   argument.

18         However, the facts and the regulation at issue in *Carlo* are clearly distinguishable from the

19   case at bar.  In *Carlo*, the California regulation permitted arrestees to make three phone calls within

20   three hours of arrest; despite that regulation, the plaintiff in *Carlo* was not permitted to make any

21   phone calls.  *Id.* at 495-96.  Here, the regulation purportedly prohibited the recording of phone calls

---

[1] Regarding the *Heck* argument, the Court notes that, contrary to the assertions plaintiff made in his objections to the first Report & Recommendation, the telephone recordings appear to have played a key role in several of his convictions.  (Dkt. #26 at 14).  Plaintiff was convicted of tampering with a witness and violating a no-contact Order, and these convictions apparently relied to some extent on the recordings at issue here.  (*Id.*, Attachment #1).  The Court further notes that, prior to his objections to the first R&R, plaintiff had conceded this point when he stated that "all three stated recordings were entered against me in my criminal proceedings." (Dkt. #4, Attachment at 9).

REPORT & RECOMMENDATION
PAGE - 4

1 and plaintiff was permitted to make several. Therefore, *Carlo* is not an analogous case and provides

2 no support for plaintiff's argument. Consequently, plaintiff has not shown that he has any liberty

3 interest that was violated by the recording of his phone calls. *Cf. Lanza v. New York*, 370 U.S. 139,

4 143 (1962) ("In prison, official surveillance has traditionally been the order of the day."); *United*

5 *States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996) ("[A]ny expectation of privacy in outbound

6 [telephone] calls from prison is not objectively reasonable and . . . the Fourth Amendment is

7 therefore not triggered by the routine taping of such calls.").

8   Accordingly, the Court concludes that plaintiff has not satisfied his burden of showing that a

9 genuine issue of material fact exists regarding his claim that defendants violated his constitutional

10 rights by recording his telephone calls while he was a pretrial detainee at the RJC. Defendants's

11 motion for summary judgment therefore should be granted.

12 <u>CONCLUSION</u>

13   For the foregoing reasons, the Court recommends that defendants's motion for summary

14 judgment be granted and the complaint and this action be dismissed with prejudice. In addition,

15 because plaintiff's claim lacks legal or factual support, this dismissal should count as a "strike" under

16 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

17   DATED this 2nd day of April, 2007.

                  */s/ M. J. Benton*
                 MONICA J. BENTON
                 United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 5